STARCHER, ADMX., APPELLANT, *v.*
LOGSDON, BUTLER CO. COMMR., ET AL., APPELLEES.

(No. 80-543—Decided April 15, 1981.)

*Messrs. Holbrock, Jonson, Bressler & Houser, Mr. George N. Jonson* and *Mr. Tim Evans,* for appellant.

*Messrs. Jones, Kaufman & Jones* and *Mr. William H. Kaufman,* for appellees Butler County Commissioners and Butler County Engineer.

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. Michael E. Maundrell,* for appellee Warren County Commissioners.

SWEENEY, J. R. C. 305.12 waives the doctrine of sovereign immunity[2] for boards of county commissioners, in the following manner:

---

[2] Appellant's attack on the constitutionality of the sovereign immunity doctrine itself is unavailing. This court held in *Krause* v. *State* (1972), 31 Ohio St. 2d 132, 147, that "the doctrine of governmental immunity is not violative of the Equal Protection Clause of the Fourteenth Amendment." Appellant has offered no cogent argument which would challenge this conclusion.

"The board of county commissioners may sue and be sued, plead and be impleaded in any court of judicature, bring, maintain, and defend all suits in law or in equity, involving an injury to any *public, state, or county road, bridge,* ditch, drain, or watercourse *established by such board in its county,* and for the prevention of injury thereto. The board shall be liable, in its official capacity, for damages received by reason of its negligence or carelessness in not keeping any *such road or bridge* in proper repair, and shall demand and receive, by suit or otherwise, any real estate or interest therein, legal or equitable, belonging to the county, or any money or other property due the county.***" (Emphasis added.)

Courts of this state have previously held that this statute (and its predecessor, G. C. 2408), being in derogation of the common-law doctrine of sovereign immunity, must be strictly construed. *E.g., Weiher* v. *Phillips* (1921), 103 Ohio St. 249, 252; and *Robinson* v. *Swing* (1939), 70 Ohio App. 83, 91. See, also, *Schaffer* v. *Bd. of Trustees* (1960), 171 Ohio St. 228. The Court of Appeals attempted to follow this mandate by construing R. C. 305.12 so as to require evidence that one of the boards of county commissioners had resolved, pursuant to R. C. 5553.04, to "establish" Butler-Warren Road as a county road, before that board could be subject to liability for negligently repairing the bridge on that road. We find that such a construction is unduly restrictive, for it would render parts of R. C. 305.12 nugatory, and it would permit a board of county commissioners to avoid potential liability by purposely declining to comply with the administrative step of "establishing" its system of roads by resolution.[3]

The difficulty in determining a board's liability under R. C. 305.12 arises from the incongruities in the clause "any public, state, or county road, bridge, ditch, drain, or watercourse established by such board in its county***." R. C. 5535.01 distinguishes between state, county and township roads, and subsection (B) thereof classifies county roads as including "all roads which are or may be *established* as a part of the county

---

[3] R. C. 5553.02 states that a board of county commissioners *may* establish roads as provided in R. C. 5553.02 to 5553.16. This procedure is thus discretionary with the board, and could seemingly be dispensed with, if the board was attempting to avoid potential liability.

system of roads as provided in sections 5541.01 to 5541.03, inclusive, of the Revised Code, which shall be known as the county highway system. Such roads shall be maintained by the board of county commissioners." (Emphasis added.) Nowhere in R. C. 5541.01 through 5541.03 is the term "established" mentioned; rather, R. C. 5541.02 directs the board of county commissioners to "select and designate" a system of county highways, the roads composing this system to be known as county roads. The trial court concluded that a board's liability for negligently maintaining or repairing roads was limited to *county* roads, established as such. A construction limiting liability to roads so "designated" or "established" would render the references in R. C. 305.12 to public and state roads meaningless surplusage.

Appellees in essence argue that the only method whereby a board can subject itself to liability under R. C. 305.12 for its negligence is delineated in R. C. 5553.04, which provides that whenever a board wishes "to locate, establish, alter, widen, straighten, vacate, or change the direction of a public road, it shall so declare by resolution***." Once again, such a construction would lead to inconsistent, contradictory results, and would raise a plethora of new questions.

For example, a board could enter a resolution, pursuant to R. C. 5553.04, to make improvements upon a state or township road within its county. Would such a resolution "establish" that road for liability purposes, even though, according to its classification, either the state or township had responsibility for maintenance and repair? See R. C. 5535.08. Similarly, a joint board of county commissioners must enter a resolution, under R. C. 5553.14, to improve a road traversing a county line, such as Butler-Warren Road.[4] Would such a resolution "establish" that road in either county? On the other hand, R. C. 5541.02 speaks in terms of "designating" rather than "establishing" a system of county highways. Would a board avoid liability if its system of county roads was selected in this manner, rather than pursuant to R. C. 5553.04? Finally, and most relevant to this cause, neither R. C. 5553.04 nor any

---

[4] Although R. C. 5553.14 appears mandatory, there is no evidence that the boards of commissioners of Butler and Warren counties complied with this statute in this instance, prior to initiating repairs on the bridge.

other section of the Revised Code provides a method by which a board can "establish" a bridge.[5] Yet R. C. 305.12 mentions a "bridge***established by such board in its county***." Is this reference meant to have no effect?

As should be readily apparent from the foregoing discussion, there can be no internal consistency amidst the morass of Revised Code sections dealing with roads and bridges, if "established" is limited, as a statutory term of art, to its use in R. C. 5553.04. The reference to "established by such board in its county" must, therefore, be seen as creating an interpretative ambiguity in R. C. 305.12. Thus, while this court recognizes that statutes in derogation of the common law must be strictly construed, we must also be cognizant of the principle that "[i]f the construction and interpretation of statutory language reveals the statute to be facially ambiguous, it is the function of the courts to construe the statutory language to effect a just and reasonable result." *Gulf Oil Corp.* v. *Kosydar* (1975), 44 Ohio St. 2d 208, paragraph two of the syllabus.

In order to effect a just and reasonable result herein, we construe R. C. 305.12 as imposing liability for negligence whenever a board of county commissioners assumes, or is conferred by statute with, the primary responsibility for keeping in proper repair roads or bridges in its county. It is through the active control and supervision of such repair that the board, in essence, "establishes" such roads and bridges. By requiring that the board of county comissioners must have assumed primary responsibility, we distinguish those situations where the county may only be assisting another political subdivision in a particular maintenance project. See, *e.g.,* R. C. 5535.01(C) and 5535.08.

In determining whether the Butler or Warren county commissioners, or both, had primary responsibility for replacing the subject bridge, we first note that R. C. 5591.21 provides, in pertinent part, that "[t]he board of county commissioners shall construct and keep in repair necessary bridges over streams and public canals on or connecting state, county, and improved roads." If this bridge was entirely within one of the counties,

---

[5] While R. C. 5501.01(C) defines " 'road' or 'highway' " as including "bridges," such equivalence of terms does not apply to those sections which follow R. C. Chapter 5535, such as R. C. 5553.04.

rather than straddling the county line, this mandatory duty would suffice to impose liability on that county's board of commissioners for negligent repair.

Whether R. C. 5591.21 is also meant to apply to a bridge located upon a county line by making the boards of commissioners of both counties responsible for proper repair, we need not now decide. There is sufficient evidence presented herein to permit a reasonable inference by the trier of fact that the Butler County Commissioners had assumed primary responsibility for the repair and replacement of bridges on Butler-Warren Road. The Butler County Engineer testified, upon cross-examination, that replacement of the subject bridge was undertaken as the result of an agreement between Butler and Warren counties that gave the Butler County Commissioners responsibility for bridge maintenance and repair on that road.[6]

This evidence is sufficient to defeat the motion for directed verdict filed by the Butler County Commissioners. Therefore, as to these appellees, this cause must be remanded for further proceedings, wherein they shall be allowed to present evidence rebutting the foregoing inference that they had assumed primary responsibility; such as, evidence that they were merely providing assistance on this particular project to the board of township trustees, which, in fact, retained primary control over, and responsibility for maintenance and repair of Butler-Warren Road, including its bridges.[7]

Contrarily, the motion for directed verdict presented by the Warren County Commissioners was properly granted. Upon the evidence presented, reasonable minds could only come to the conclusion that these commissioners had neither accepted nor been conferred with primary responsibility for repair and replacement of bridges on Butler-Warren Road.

---

[6] There is also an indication that this agreement, possibly dating to 1943, required the Warren County Commissioners to assume responsibility for general road maintenance.

[7] The contention of appellees (apparently adopted by the trial court) that there is a distinction between failure to warn of a hazard in a road and failure to keep a road in proper repair under R. C. 305.12 is without merit in this context. Where a board of county commissioners has a duty to maintain and repair a road or bridge, the active creation of a hazardous condition, without properly informing the traveling public, is surely a more pernicious act than the passive allowance of a state of disrepair to develop.

The extent of liability of appellee Butler County Engineer is controlled by R. C. 315.07, which provides, as follows:

"Any person injured by the misconduct or neglect of the county engineer or his deputy may bring an action on the official bond of such engineer or deputy and recover judgment for any loss or damage sustained by reason of such misconduct or neglect."

The Court of Appeals correctly ruled that the motion for directed verdict, as it applied to the county engineer, should have been denied. There was sufficient evidence presented from which the trier of fact could find negligence on the part of the engineer in failing to adequately warn motorists driving at night on Butler-Warren Road of the impending danger. The Court of Appeals also properly determined that the plain import of R. C. 315.07 limited the potential liability of the engineer to the amount of his official bond.

For the foregoing reasons, the judgment of the Court of Appeals, as it applied to the Butler County Commissioners, is reversed and the cause remanded to the trial court for further proceedings. As to all other appellees, the judgment is affirmed.

*Judgment affirmed in part*
*and reversed in part.*

W. BROWN, MCBRIDE and C. BROWN, JJ., concur.

CELEBREZZE, C. J., and LOCHER, J., concur in the judgment.

HOLMES, J., dissents.

MCBRIDE, J., retired, of the Second Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Constitution, sitting for P. BROWN, J.