RAUHAUS, APPELLEE, *v.* BUCKEYE LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT.

[Cite as Rauhaus *v.* Buckeye Local School Dist. Bd. of Edn. (1983), 6 Ohio St. 3d 320.]

(No. 82-1392—Decided August 31, 1983.)

Green, Schiavoni, Murphy, Haines & Sgambati Co., L.P.A., and *Mr. Ronald G. Macala,* for appellee.

*Mr. Gregory W. Happ,* prosecuting attorney, and *Ms. Mary Ann Kovach,* for appellant.

*Martin, Eichenberger & Baxter Co., L.P.A.,* and *Mr. Stephen D. Martin,* urging affirmance for *amicus curiae,* Ohio Education Assn.

HENDRICKSON, J. The question before us is whether the appellant, having adopted a salary schedule, complied with the law of Ohio by paying a salary for the 1980-1981 school year which exceeded the minimum salary set forth in R.C. 3317.13 for a teacher with the appellee's years of service and training.

R.C. 3317.13 provides in pertinent part as follows:

"(B) No teacher employed by any board of education shall be paid a salary less than that provided in the schedule set forth in division (C) of this section. In calculating the minimum salary any teacher shall be paid pursuant to this section, years of service shall include the sum of all years of the teacher's teaching service included in divisions (A)(1), (2), (3), and (4) of this section; except that any school district employing a teacher new to the district shall grant such teacher a total of not more than ten years of service pursuant to divisions (A)(2), (3), and (4) of this section.

"* * *

"Each teacher employed by a board of education in a school district shall be fully credited with placement in the appropriate academic training level column in the salary schedule of the district *with years of service properly credited pursuant to this section or section 3317.14 of the Revised Code.* No rule shall be adopted or exercised by any board of education which restricts the placement or the crediting of annual salary increments for any teacher according to the appropriate academic training level column." (Emphasis added.)

R.C. 3317.14 provides in part that:

"Any board of education participating in funds distributed under Chapter 3317. of the Revised Code shall annually adopt a teachers' salary schedule with provision for increments based upon training and years of service. Notwithstanding section 3317.13 of the Revised Code, the board may establish its own service requirements provided no teacher receives less than the amount required to be paid pursuant to section 3317.13 of the Revised Code and *provided full credit for a minimum of five years of actual teaching and military experience as defined in division (A) of section 3317.13 of the Revised Code is given to each teacher."* (Emphasis added.)

The appellant did not contest the appellee's claim of five years' teaching experience. Therefore, the number of years of experience is not an issue. What is at issue is whether appellant was obligated to pay appellee only the minimum salary mandated by R.C. 3317.13, or whether appellant must pay appellee the salary shown on appellant's schedule for a teacher with appellee's training and experience.

Appellee relies on *Bernardini* v. *Bd. of Edn.* (1979), 58 Ohio St. 2d 1 [12 O.O.3d 1], in support of the proposition that she must be given credit on appellant's salary schedule for her five years' prior teaching experience. However, appellant contends that *Bernardini* is not applicable since the syllabus of that case stands only for the principle that for purposes of R.C. 3317.13, credit for up to five years of prior military service must be given

regardless of whether the service was prior to graduation and certification as a teacher.

We recognize the principle that "[t]he syllabus of a decision of the Supreme Court of Ohio states the law of Ohio," *Williamson Co v. Radich* (1934), 128 Ohio St. 124, paragraph one of the syllabus, and that "such pronouncement must be interpreted with reference to the facts upon which it is predicated and the questions presented to and considered by the Court." *Williamson, supra.*

In *Bernardini, supra,* at pages 8 and 9, after determining that the appellee-teacher, Bernardini, was entitled to credit for up to five years of military service, Chief Justice Celebrezze went on to say that "pursuant to the provisions of R.C. 3317.14, the appellee would be entitled to the military service credit even though the salary schedules of the appellant might exceed the statutory minimums provided for in R.C. 3317.13."

The record in *Bernardini* indicates that the salary schedule adopted by the board of education, as in effect at the time Bernardini was first hired by the board, exceeded the state mandated minimum schedule set forth in R.C. 3317.13. 1208 Ohio Supreme Court Briefs and Reports 3rd Series, case No. 78-619. On that basis, although the *dicta* of the opinion is not controlling, it is persuasive and fortifies our position that R.C. 3317.13 and 3317.14 must be read *in pari materia.* Such a reading causes us to conclude that although no teacher can be paid less than the minimum salary provided in R.C. 3317.13 for his or her training and experience, when a board of education adopts a local salary schedule pursuant to R.C. 3317.14, full credit must be given on that local salary schedule for up to five years of actual teaching and military experience as defined in R.C. 3317.13 (A).

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and O'NEILL, JJ., concur.

O'NEILL, J., of the Seventh Appellate District, sitting for C. Brown, J.

HENDRICKSON, J., of the Twelfth Appellate District, sitting for J. P. CELEBREZZE, J.