BAKER, APPELLANT, *v.* CITY OF WILLOUGHBY HILLS ET AL., APPELLEES.

(No. 11-151 — Decided September 15, 1986.)

*Iler & Ellerin* and *Jerome M. Ellerin,* for appellant.

*Reminger & Reminger Co., L.P.A.,* and *Mario Ciano,* for appellee Willoughby Hills.

*Richard J. McGraw,* for appellees Lake County Board of Commissioners and Thomas B. Gilles, Lake County Engineer.

McQUADE, J. This is an appeal from the Lake County Court of Common Pleas which granted summary judgment in favor of the defendants city of Willoughby Hills, Lake County Board of Commissioners, and the Lake County Engineer.

On July 16, 1981, appellant Merle Baker, Jr. was walking on Bishop Road between White and Chardon Roads in Willoughby Hills, Ohio, when he was struck by an automobile.

At the point of the accident Bishop Road is twenty-four feet wide with an adjacent berm measuring eighteen inches on either side of the roadway. There are no sidewalks adjacent to the road. On the day of the accident, it had been snowing and the city snowplows had piled snow onto the berm of Bishop Road, obstructing pedestrian passage.

As a result of the accident, appellant filed suit against the city of Willoughby Hills, the Lake County Board of Commissioners and the Lake County Engineer, contending that these appellees had violated statutory duties.

The Lake County Court of Common Pleas granted summary judgment in favor of those appellees and this appeal ensued.

Appellant's sole assignment of error is as follows:

"The trial court erred to the prejudice of plaintiff-appellant in granting the motions for summary judgment of the defendants-appellees, city of Willoughby Hills, Lake County Board of Commissioners and Lake County Engineer."

Essentially, appellant argues that there were genuine issues of material fact pertaining to the liability of each of the appellees and thus summary judgment was improvidently granted.

We first determine that the trial court properly granted summary judgment in favor of the Lake County Board of Commissioners. When a board of county commissioners has primary responsibility for keeping a road in proper repair, it is liable for its negligence or carelessness in not keeping said road in repair. R.C. 305.12; *Starcher* v. *Logsdon* (1981), 66 Ohio St. 2d 57, 20 O.O. 3d 45, 419 N.E. 2d 1089.

The evidence was uncontradicted that the Lake County Board of Commissioners did not have the primary responsibility for keeping Bishop Road in proper repair. To the contrary, Bishop Road at the point of the accident was the responsibility of the city of Willoughby Hills.

Likewise, summary judgment was property granted in favor of the Lake County Engineer. A county engineer has general charge of the construction, reconstruction, improvement, maintenance and repair of all highways under the jurisdiction of the board of county commissioners. R.C. 5543.01; 5543.09.

We reiterate that Bishop Road at the point where the accident occurred was the primary responsibility of the city of Willoughby Hills and was not under the jurisdiction of the Board of Commissioners of Lake County. It follows that the county engineer had no duty concerning the construction or repair of Bishop Road and that, therefore, no misconduct or neglect could be found against him.

Against the city of Willoughby Hills, appellant asserts two theories of liability.

Appellant's first theory is that Bishop Road was defectively designed by the city. In support of that contention, appellant filed an affidavit of a

registered professional engineer which concluded that Bishop Road was defectively designed because there were no sidewalks or adequate road shoulders provided for pedestrian travel.

R.C. 723.01 requires that municipal corporations keep their streets "open, in repair, and free from nuisance."

The question is then whether a failure on the part of the city to provide sidewalks or an adequate shoulder for pedestrian traffic is a violation of the city's duty to keep its streets open, in repair and free from nuisance.

The Ohio Supreme Court seems to have refused to extend the language of R.C. 723.01 to include municipal liability for negligence in the design of a street. In *Geideman* v. *Bay Village* (1966), 7 Ohio St. 2d 79, 36 O.O. 2d 59, 218 N.E. 2d 621, the Ohio Supreme Court found that R.C. 723.01 imposed no duty upon a municipality to install guardrails, barriers or curbs between portions of highways used primarily for vehicular travel or parking and sidewalks adjacent thereto.

Accordingly, we find the trial court properly granted summary judgment in favor of the city of Willoughby Hills on the appellant's theory of design defect.

Appellant also contends that the city of Willoughby Hills was negligent in plowing the snow onto the berm and in failing to remove the snow from the berm. In support of this contention, appellant filed with its motion in opposition to appellee's motion for summary judgment, an affidavit of a registered professional engineer who concluded that Bishop Road was on the day of the accident not in a reasonably safe condition because snow had not been removed from both the pavement and the shoulder area.

It is, of course, lawful for a pedestrian to walk on the shoulder of a highway where a sidewalk is not available. R.C. 4511.50. In addition, a municipal corporation may be liable for injuries resulting from its failure to keep the shoulder of a highway in repair and free from nuisance where such defect renders the highway unsafe for normal travel. *Dickerhoof* v. *Canton* (1983), 6 Ohio St. 3d 128, 6 OBR 186, 451 N.E. 2d 1193.

From the evidence available to the trial court, we believe a genuine issue of material fact existed as to whether the plowing of snow by the city of Willoughby Hills kept Bishop Road open, in repair, and free from nuisance on the date of the accident.

For the foregoing reasons, the judgment of the Lake County Court of Common Pleas granting summary judgment in favor of the appellees Lake County Board of Commissioners and Lake County Engineer is affirmed. Further, the judgment of the Lake County Court of Common Pleas granting summary judgment to the appellee city of Willoughby Hills is affirmed in part and reversed in part and this cause is remanded to said common pleas court for further proceedings in accordance with this decision.

*Judgment accordingly.*

CASTLE and RESNICK, JJ., concur.

LYLE W. CASTLE, J., retired, of the Twelfth Appellate District; RICHARD B. MCQUADE, JR., J., of the Fulton County Court of Common Pleas; and MELVIN RESNICK, J., of the Lucas County Court of Common Pleas, sitting by assignment.