**Debusk**
v.
**Dyno Construction Co.**
*[Cite as 4 AOA 511]*

Case No. CA89-10-056
*Warren County, (12th)*
*Decided June 4, 1990*

*Landen and Eagle, Leslie S. Landen, 3737 S. Dixie Highway, Franklin, Ohio 45005, and John Crist, 236 N. Breiel Blvd., Middletown, Ohio 45043, for Plaintiffs-Appellants.*

*Baden, Jones & Scheper Co., L.P.A., Jack C. McGowan, Suite 300, Hamilton Center Building, Hamilton, Ohio 45011, for Defendant-Appellee, Warren County Board of Commissioners.*

*Rendigs, Fry, Kiely & Dennis, John W. Hust, 900 Central Trust Tower, Cincinnati, Ohio 45202, for Defendant-Appellee, Dyno Construction Co.*

*Per Curiam.*

This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers from the Warren County Court of Common Pleas, and the briefs and oral arguments of counsel.

Now, therefore, the assignment of error having been fully considered is passed upon in conformity with App. R. 12(A) as follows:

Plaintiffs-appellants, Moda DeBusk, Carol Hohensheldt and Linda Robinson, doing business as the DeBusk Grocery, appeal from an order by the Warren County Court of Common Pleas granting summary judgment in favor of defendants-appellees, the Warren County Board of Commissioners (hereinafter "the commissioners").

The facts giving rise to this action originated in 1984, when the county undertook a sewer improvement project in Carlisle, Ohio. The commissioners contracted with the Dyno Construction Company for the construction which involved tearing up the street surface in order to replace the existing sewage pipes. As a result of the project, normal traffic on the road in front of the DeBusk Grocery was reduced. The DeBusk Grocery apparently began to suffer a loss in business, and eventually closed.

In December 1985, the DeBusk Grocery filed a complaint against Dyno Construction, the commissioners, and Franklin Township, in which the grocery alleged negligence on the part of Dyno in undertaking the sewer project, nuisance, trespass, and negligent supervision of the construction by the commissioners and the township. In 1987, the trial court granted a motion for summary judgment by Franklin Township, which resulted in its removal as a party to the action. In March 1988, the commissioners moved for summary judgment, which the trial court ultimately granted in September 1989.

The DeBusk Grocery has now filed the instant appeal, alleging the trial court erred in granting summary judgment to the commissioners.

The DeBusk Grocery first argues that the commissioners have a nondelegable duty to maintain the roads in a state of good repair. The grocery maintains that R.C. 305.12 imposes a statutory duty upon the commissioners to keep the roads in "proper repair" and that this duty extends not merely to travelers on the roads but also to abutting property owners.[1] Moreover, the grocery argues this duty is nondelegable, so that the commissioners may not successfully defend by contending that Dyno Construction, as independent contractor, is solely liable for any resulting negligence.

In its decision granting the commissioners' summary judgment motion, the trial court found that the complaint did not sufficiently allege a

cause of action against the commissioners for failure to maintain the roads in a state of proper repair. The court granted the motion on the basis that the claim for negligent failure to supervise the construction could not be maintained since the commissioners had no duty of direct supervision of the project.

Attempting to overcome this obstacle, the grocery additionally maintains in this appeal that the failure of the complaint to allege a breach of duty to keep the road repaired is not fatal to its claim, since more liberalized pleading rules permit the grocery to simply allude to such a claim in the complaint.

The trial court was entitled to grant summary judgment only upon a determination that, construing the evidence in a light most favorable to the grocery, reasonable minds could only conclude the commissioners were entitled to judgment as a matter of law because no genuine issue of material fact remained to be litigated. See *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66. The court concluded that the grocery had not presented a prima facie case of negligence and thus summary judgment was an appropriate disposition of the case.

Our review of the record convinces us that the trial court properly determined that while R.C. 305.12 does impose a duty upon the commissioners to maintain the roads in good repair, it does not impose a duty upon the commissioners to directly supervise their independent contractors, nor does it make the commissioners liable to abutting property owners whenever road use is disrupted. Moreover, we find the trial court properly determined that the grocery had failed in its complaint to allege with specificity its claim for breach of a statutory duty under R.C. 305.12. We therefore overrule the grocery's assignment of error.

In *Zents* v. *Bd. of Commrs.* (1984), 9 Ohio St. 3d 204, the Ohio Supreme Court abrogated its previous stand that counties are entitled to sovereign immunity from common-law tort actions. The court held that a "county will be liable, the same as private corporations and persons, for the negligence of its employees and agents in the performance of their activities." *Id.* at syllabus. Therefore, the commissioners may be subject to liability under either common law tort principles or under statutory law. *Heckert* v. *Patrick* (1984), 15 Ohio St. 3d 402, 406.

The trial court appropriately found that the DeBusk Grocery failed to show the commissioners were liable under a common law theory of negligence, since the hiring of an independent contractor to construct the new sewer removed any duty on the part of the commissioners to supervise the project. See *Cafferkey* v. *Turner Constr. Co.* (1986), 21 Ohio St. 3d 110, 112. Therefore, the necessary elements of a common law tort action were not sufficiently alleged. *Strunk* v. *Dayton Power & Light Co.* (1983), 6 Ohio St. 3d 429, 431.

The gravamen of this appeal, however, is the allegation by the DeBusk Grocery that the commissioners breached a nondelegable statutory duty to keep the road in good repair, resulting in negligent harm to the grocery. The trial court's position was that this argument constituted a separate cause of action which was not sufficiently alleged in the complaint so as to give notice to the commissioners that they would need to answer such claim. R.C. 305.12 imposes liability for negligence upon the commissioners where an injured party sufficiently demonstrates that the commissioners have the primary duty to maintain the roads and such duty has been breached. See generally *Starcher* v. *Logsdon* (1981), 66 Ohio St. 2d 57, 59. However, liability will not be imposed where the charged interference with use of the road is unrelated to the road's condition. *Heckert, supra,* at 407.

The grocery essentially argues that the bare allegation of negligence in the complaint sufficed to fulfill the Civ. R. 8 requirement that the plaintiff need only offer a short, plain statement of the claim. The grocery asserts that R.C. 305.12 merely provides a source of a duty on the part of the commissioners, which duty is in turn an element of the negligence claim.

We think it is irrelevant whether the grocery's claim under R.C. 305.12 is called a source of a duty or a separate cause of action. The crux of the grocery's claim is that R.C. 305.12 exposes the commissioners to liability any time road use is disrupted, regardless of whether the commissioners have hired an independent contractor or whether the disruption is caused by a sewer project unrelated to the surface of the road. The trial court addressed this question in its discussion of the grocery's claim for negligent supervision, determining that the commissioners were not required to directly supervise the project.

Following the grocery's view that any time the road surface is disturbed the statutory duty under R.C. 305.12 is breached, it is clear that no sewer repair or installation could ever occur without liability being incurred by the county

commissioners. Public policy would dictate the better rule that only where the road surface is not kept in proper *repair* is liability possible. *Ditmyer* v. *Bd. of County Commrs.* (1980), 64 Ohio St. 2d 146, 150.

Moreover, we note that even if the commissioners breached a statutory duty, it would appear the duty is owed to travelers on the road and not to abutting property owners. See *State, ex rel. Merritt,* v. *Linzell* (1955), 163 Ohio St 97, 104 (where change in traffic flow results from exercise of police power, loss of trade to abutting property owners is noncompensable).

Because we determine the trial court did not err in granting summary judgment to the commissioners, we overrule the grocery's assignment of error and affirm the trial court's decision.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and YOUNG, JJ., concur.

---

[1] R.C. 305.12 reads, in part:

"The board of county commissioners may sue and be sued, and plead and be impleaded, in any court. It may bring, maintain, and defend suits involving an injury to any public, state, or county road, bridge, ditch, drain, or watercourse in the county with respect to which the county has the primary responsibility to keep in proper repair, and for the prevention of injury to them. * * *"