The STATE of Ohio, Appellee,

v.

MAHAFFEY, Appellant.

[Cite as *State v. Mahaffey* (2000), 140 Ohio App.3d 396.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 00CA13.

Decided Nov. 28, 2000.

*Mark A. Ochsenbein,* Jackson County Prosecuting Attorney, for appellee.

*Jonathan D. Blanton,* for appellant.

KLINE, Presiding Judge.

Frank Mahaffey appeals the Jackson County Court of Common Pleas' decision in which it declined to modify his commitment by adopting his doctors' recommendation to increase his on-grounds movement privileges at the Southeast Psychiatric Hospital ("SPH"). Because R.C. 2945.401(G)(2) plainly places the burden of proof on the state in the face of a recommendation for a less restrictive status, and because the state did not present any evidence contrary to the

recommendation in this case, we agree. Accordingly, we reverse the judgment of the trial court.

I

In February 1999, the trial court committed Mahaffey to SPH after finding that Mahaffey was not guilty by reason of insanity on a charge of felonious assault. In August 1999, the court modified its commitment order to allow restricted Level III movement within SPH. Restricted Level III movement status allowed Mahaffey to engage in unsupervised movement on SPH grounds for up to one hour at a time.

In February 2000, the trial court conducted a hearing on Mahaffey's continued commitment. SPH filed a written recommendation that Mahaffey's commitment be continued for one year and that Mahaffey's status be elevated to allow unrestricted Level III movement. Unrestricted Level III movement would permit Mahaffey to engage in unsupervised movement on SPH grounds for up to four hours. Mahaffey's psychologist and psychiatrist, Dr. Joseph Ipacs and Dr. Catherine Matisi, testified regarding Mahaffey's treatment, mental state, and prognosis. The doctors testified that unrestricted Level III movement would benefit Mahaffey and that Mahaffey would not represent a danger to himself or others if granted unrestricted Level III movement.

On cross-examination, Dr. Matisi acknowledged that Mahaffey's progress is dependant upon Mahaffey continuing to take his prescribed medications. However, Dr. Matisi testified that unrestricted Level III movement would not change the manner in which SPH monitors Mahaffey's consumption of his medication. Additionally, Dr. Matisi testified that SPH regularly checks Mahaffey's blood levels for medications, and that it has a "safety net" in place to ensure that Mahaffey takes his medication.

At the close of the hearing, the trial court ordered Mahaffey's continued commitment to SPH for one year with restricted Level III movement, and stated that it would issue a separate written decision regarding the unrestricted Level III movement after reviewing the SPH recommendation. On April 7, 2000, the trial court issued a written decision committing Mahaffey to SPH for two years with restricted Level III movement.

Mahaffey timely filed his notice of appeal on May 8, 2000. Mahaffey asserts the following assignment of error:

"The trial court erred in failing to grant defendant increased movement privileges."

## II

Initially, we address the state's argument that we must dismiss this appeal because Mahaffey filed it prematurely. The state contends that the trial court's statement at the hearing that it would issue a "separate" written decision regarding Mahaffey's Level III movement means that the trial court has not yet ruled upon Mahaffey's request for unrestricted Level III movement.[1]

It is well established that an order must be final and appealable before an appellate court can review it. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266, 269–270. An order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). When an action involves more than one claim, the court must resolve all of the claims before it or certify that there is "no just reason for delay." Civ.R. 54(B); *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, 1385.

We find that the trial court's April 7, 2000 order constitutes a final appealable order. The order resolves all the issues before the court, namely, the order establishes Mahaffey's continued commitment and restricted Level III movement privileges. Therefore, we find that Mahaffey did not prematurely file his appeal, and we decline to dismiss this case for lack of a final appealable order.

## III

In his only assignment of error, Mahaffey contends that the trial court erred in failing to grant him unrestricted Level III movement privileges. Mahaffey asserts that the trial court was required to grant him increased movement privileges because the state failed to sustain its burden of proving that the increased privileges would represent a threat to the public safety or the safety of any person. The state contends that it did not have the burden of proof in the commitment status hearing and that the determination of whether to transfer Mahaffey to a less restrictive commitment alternative is within the sound discretion of the trial court.

The state cites *State v. Johnson* (1987), 32 Ohio St.3d 109, 512 N.E.2d 652, in support of its argument that it was not required to meet any burden of proof before the trial court could properly deny Mahaffey's request to be transferred to a less restrictive setting. In *Johnson,* the court held as follows:

---

1. Additionally, the state notes that it filed another report with the trial court on August 8, 2000, three months after Mahaffey filed his notice of appeal. However, even if the trial court had jurisdiction to consider additional evidence during the pendency of an appeal, the additional report does not appear in the record in this case. Accordingly, we decline to address it.

"Where the sole determination to be made is whether an insanity acquittee, already established as being a mentally ill person subject to hospitalization by court order, should be transferred to a less restrictive treatment setting, *no party has the burden of proof. Rather, the parties have a duty to present relevant, competent evidence to aid the court in its determination of whether the proposed less restrictive commitment alternative is appropriate considering the treatment needs of the person and the safety of the public. The determination of whether the person should be transferred from his current commitment setting to a less restrictive placement is within the sound discretion of the trial court.*" (Emphasis added.) *Id.* at syllabus.

Mahaffey asserts that R.C. 2945.401, which was modified effective July 1, 1997, supersedes *Johnson.* R.C. 2945.401 provides for the following:

"(D)(1) * * * when a defendant or person had been committed under section 2945.39 or 2945.40 of the Revised Code, at any time after evaluating the risks to public safety and the welfare of the defendant or person, the chief clinical officer of the hospital, facility, or program to which the defendant or person is committed may recommend a * * * change in the conditions of the defendant's or person's commitment."

Among the types of changes that R.C. 2945.401(D)(1) anticipates that chief clinical officer may recommend are allowances for "on-grounds unsupervised movement." R.C. 2945.401(D)(1).

R.C. 2945.401(G) establishes the state's burden of proof in a hearing held pursuant to section (D)(1). Specifically, R.C. 2945.401(G)(2) provides that the state bears the burden of proof as follows:

"For a recommendation for a change in the conditions of the commitment to a less restrictive status, to show by clear and convincing evidence that the proposed change represents a threat to public safety or a threat to the safety of any person."

In *State v. Hubbard* (Nov. 5, 1999), Trumbull App. No. 97–T–0144, unreported, 1999 WL 1080755, the court considered what, if any, burden of proof the state bears in light of *Johnson* and the amendments to R.C. 2945.401 cited above. The court determined that the General Assembly enacted R.C. 2945.401(G)(2) "in apparent reaction to the Supreme Court of Ohio's holding in *Johnson.*" *Hubbard, supra.* The court further determined that the General Assembly intended to require the state to prove, by clear and convincing evidence, the threat to public safety from a recommended change in the conditions of commitment to a less restrictive setting. *Id.* Upon consideration of the plain language of R.C. 2945.401(G)(2), we agree and find that the statute supersedes the rule articulated in *Johnson.*

The state argues that the *Johnson* rule nonetheless applies to this case. First, the state asserts that Mahaffey's hearing was not a hearing conducted pursuant to R.C. 2945.401(D)(1) and therefore that the burden-of-proof requirement imposed by R.C. 2945.401(G)(2) does not apply in this case. The state cites R.C. 2945.401(D)(2)(a) for the proposition that "[d]ivision (D)(1) of this section does not apply to on-grounds unsupervised movement of a defendant * * *." However, the full text of R.C. 2945.401(D)(2)(a) provides as follows:

"Division (D)(1) of this section does not apply to on-grounds unsupervised movement of a defendant or person who has been committed under section 2945.39 or 2945.40 of the Revised Code, *who is a mentally retarded person subject to institutionalization by court order, and who is being provided residential habilitation, care, and treatment in a facility operated by the department of mental retardation and developmental disabilities.*" (Emphasis added).

The state does not contend that Mahaffey is a mentally retarded person or that he receives care in a facility operated by the department of mental retardation. Therefore, division (D)(2)(a) does not apply to Mahaffey, and the state is not excepted from the burden of proof requirement in this case.

■ The state also contends that the burden-of-proof requirement does not apply to this case because the recommendation for increased movement privileges does not constitute a recommendation for a "less restrictive status" as described in R.C. 2945.401(G)(2). The state cites *State v. Lake* (1986), 33 Ohio App.3d 275, 515 N.E.2d 960, for the proposition that the least-restrictive-commitment alternative relates to the choice of commitment facility, but not to particular units or wards within a facility.

By its terms, R.C. 2945.401(D)(1) specifically applies to recommendations for "on-grounds unsupervised movement." Moreover, the holding in *Lake* does not support the state's position, in that the *Lake* court determined that decisions with regard to a unit or ward within a facility should be left to the treating hospital. *Lake* at 277, 515 N.E.2d at 962–963. Therefore, the recommendation to change Mahaffey's status from restricted Level III movement to unrestricted Level III movement is governed by the burden-of-proof requirement.

■ Consequently, we find that the state was required to establish by clear and convincing evidence that granting Mahaffey unrestricted Level III status represents a threat to the public safety or the safety of any person. "Clear and convincing evidence" is more than a mere preponderance of the evidence. Rather, it is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 368, 18 OBR 419, 425, 481 N.E.2d 613, 620–621; *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118,

paragraph three of the syllabus. In reviewing weight-of-the-evidence arguments where the plaintiff's burden below is clear and convincing evidence, an appellate court will not reverse judgments supported by some competent, credible evidence going to all the essential elements of the case. *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74–75, 564 N.E.2d 54, 60–61; *In re Stackhouse* (Mar. 11, 1991), Athens App. No. 1456, unreported, 1991 WL 37940.

■ Upon review of the record, we find that the state failed to produce some competent, credible evidence that granting Mahaffey unrestricted Level III movement privileges represents a threat to the public safety or to the safety of any person. In fact, the testimony presented affirmatively indicates that increasing Mahaffey's movement privileges would not pose such a threat. Additionally, the state failed to present any evidence contrary to the recommendations of Mahaffey's doctors and SPH. The state failed to meet the burden required of it under R.C. 2945.401(G)(2). Consequently, we find that the trial court erred as a matter of law when it declined to approve the recommendation to grant Mahaffey unrestricted Level III movement privileges.

Accordingly, we sustain Mahaffey's sole assignment of error and reverse the judgment of the trial court.

*Judgment reversed.*

DAVID T. EVANS and HARSHA, JJ., concur.