THE STATE OF OHIO, APPELLEE, *v.* JOHNSON, APPELLANT.

[Cite as State *v.* Johnson (1987), 32 Ohio St. 3d 109.]

(No. 86-1431—Decided August 19, 1987.)

*Lynn C. Slaby,* prosecuting attorney, and *Marc R. Wolff,* for appellee.

*Thomas R. Wetterer, Jr., Germano, Rondy & Ciccolini Co., L.P.A.,* and *Thomas A. Ciccolini,* for appellant.

DOUGLAS, J. The specific question on which a conflict exists among courts of appeals is whether the legislature has placed a burden of proof on any party, in a hearing pursuant to R.C. 5122.15(E), with respect to a determination of the least restrictive commitment alternative in cases where the state opposes the transfer of an insanity acquittee to a less restrictive treatment setting. A related issue concerns the proper standard of appellate review of the trial court's judgment in such a case denying the proposed transfer. We find that the legislature has imposed no burden of proof on any party therein, but rather has imposed merely a duty to inform the court to aid in its determination. We further hold that such orders will not be disturbed by a reviewing court absent a finding that the trial court abused its discretion.

Appellant contends that R.C. Chapter 5122 places on a party seeking involuntary civil commitment of an individual the burden of proving by clear and convincing evidence that the individual is mentally ill and subject to hospitalization as defined by R.C. 5122.01(B), citing *Sheffel* v. *Sulikowski* (1980), 62 Ohio St. 2d 128, 16 O.O. 3d 147, 403 N.E. 2d 993. In further support of this proposition, appellant invokes R.C. 2945.40, which provides in pertinent part:

"(B) Upon completion of the hearing, if the court finds there is not *clear and convincing evidence* that the person is a mentally ill * * * person subject to hospitalization or institutionalization by court order, the court shall immediately discharge the person * * *.

"(C) If the court finds by *clear and convincing evidence* that the person is a mentally ill * * * person subject to hospitalization or institutionalization by court order, it shall make a commitment authorized by divisions (C) to (E) of section 5122.15 * * * of the Revised Code * * *." (Emphasis added.)

Appellant further argues that the determination of the least restrictive commitment alternative available, required by R.C. 2945.40(D)(1), must also comport with the clear and convincing evidence standard, *i.e.,* the state must establish by that quantum of proof that the more restrictive alternative is mandated under the particular facts.

We agree that the state has the burden of proving by clear and convincing evidence that a person is mentally ill and subject to hospitalization by court order where the determination to be made is the *initial* one of whether the person should be involuntarily committed. *Sheffel, supra.* We also agree that the clear and convincing evidence standard is mandated in

the *initial* determination of which commitment alternative is the least restrictive, consistent with the public safety and the welfare of the person pursuant to R.C. 2945.40(D)(1). However, the instant cause involves a materially different determination. The question here is not whether appellant should be committed. That determination was made on December 9, 1981, after appellant's acquittal on an insanity defense. Nor is the question one of whether the trial court should issue an order that appellant's commitment should be *continued* as opposed to an order discharging him from commitment entirely. The sole question herein is whether appellant should be transferred from one facility to a less restrictive one.

The procedure for the initial determination of the appropriate disposition of a person who has been acquitted of a criminal charge by reason of insanity is governed by R.C. 2945.40. The state in such cases has the burden of proving, *by clear and convincing evidence,* that the acquittee is a mentally ill person subject to hospitalization by court order. R.C. 2945.40(B) and (C). The specific procedure for

deciding between the alternatives of continued commitment[1] and unconditional discharge of an insanity acquittee is set forth in R.C. 2945.40(E), (F) and (G), 5122.15(H) and 5122.21. The state in such cases again has the burden of proving by clear and convincing evidence that the patient is a mentally ill person subject to hospitalization by court order. R.C. 5122.15(H). However, where, as here, the sole question is whether the patient should be transferred from a more restrictive treatment environment to a less restrictive setting, the specific source of procedural guidelines is R.C. 2945.40(F) and (G) and 5122.20. No burden of proof or quantum or quality of evidence has been statutorily mandated.[2] In such a case, the patient's mental illness has already been established, and the fact that such mental illness continues to exist and that involuntary hospitalization is still appropriate are not matters in dispute. The specific question to be resolved is whether a less restrictive environment is appropriate considering the welfare of the person and the safety of the public.[3] Since the alternative here is not between con-

---

[1] R.C. 2945.40(D)(2) provides that a conditional release is considered a commitment and is governed by the provisions relating to continued commitment.

[2] We are aware of the provisions in R.C. 2945.40(F) that "[a]t the conclusion of the hearing, the trial court may discharge, release, authorize a trial visit for, or *transfer* the person or continue commitment pursuant to division (C) of this section." (Emphasis added.) An argument may be made that since division (C) provides for a standard of clear and convincing evidence, that standard is also mandated for transfers. However, division (C) plainly applies only to the initial determination of whether the person is a mentally ill person subject to hospitalization by court

order. We are persuaded that R.C. 2945.40(C) was not intended to apply to transfers to a less restrictive treatment setting.

[3] The welfare of the patient and the safety of the public are always relevant considerations in the disposition of a person found not guilty of a criminal offense by reason of insanity. Such considerations are statutorily mandated in the initial determination of the appropriate placement of an insanity acquittee and in any decision to grant conditional release, R.C. 2945.40(D)(1) and 5122.15(E), as well as in determining whether discharge is appropriate, R.C. 2945.40(D)(5). We are convinced that the factors of public safety and the patient's welfare are equally relevant

tinued commitment and discharge, but rather between two commitment settings, the quantum and quality of proof need not be so stringent. Certainly the relevant statutes do not impose a burden of proof on any party in such a case. Nor do the statutes require proof by any particular standard, including clear and convincing evidence. This court is persuaded that where the sole determination to be made is whether an insanity acquittee, already established as being a mentally ill person subject to hospitalization by court order, should be transferred to a less restrictive treatment setting, no party has the burden of proof. Rather, the parties have a duty to present relevant, competent evidence to aid the court in its determination of whether the proposed less restrictive commitment alternative is appropriate considering the treatment needs of the person and the safety of the public. The determination of whether the person should be transferred from his current commitment setting to a less restrictive placement is within the sound discretion of the trial court.

Likewise, we are not persuaded by appellant's argument that proof of his continuing mental illness and of the necessity for restrictive confinement by a clear and convincing evidence standard is constitutionally mandated. Appellant relies on *Addington* v. *Texas* (1979), 441 U.S. 418, in which the United States Supreme Court held that the government in a civil commitment proceeding must demonstrate by clear and convincing evidence that the individual is mentally ill and dangerous. However, *Addington* has been distinguished in the subsequent case of *Jones* v. *United States* (1983), 463 U.S. 354. There, the court rejected the argument that the clear and convincing evidence standard is constitutionally required for insanity acquittees as well as potential civil-commitment candidates. The court emphasized that the differences between the two classes of persons justify differing standards of proof. *Id.* at 367. The *Addington* court was concerned with the risk of error that a person might be committed for mere idiosyncratic behavior. This risk is greatly diminished if not eliminated where the person has been proven to have committed a criminal act as a result of mental illness, and the stringent standard of clear and convincing evidence is not constitutionally required. *Jones, supra,* at 367-368.

We hereby reject the clear and convincing standard of proof in cases such as this one because we are convinced that the considerations herein are materially different. That the appellant is a mentally ill person subject to involuntary hospitalization has already been established under that stringent standard and is not being disputed at this time. Thus, the fact that appellant continues to require confinement is not an issue. The question here is whether appellant should be transferred to a less restrictive commitment setting. In resolving this question with regard to an insanity acquittee, the court must consider both the welfare of the patient and public safety. Where a restrictive treatment setting has already been determined to be necessary, we are not inclined to require the state to prove by clear and convincing evidence that the current

---

to a determination of whether to transfer an insanity acquittee from one treatment facility to another, less restrictive one. Where fewer restrictions will be placed on

the freedom of movement of such a person, it is only logical that the increased risk to the public and to the patient's personal welfare be taken into consideration.

restrictive placement is still necessary. Given the considerations of public safety involved, we deem it appropriate to allow the trial court to exercise its sound discretion in making its determination, aided by the evidence presented by the parties. Hence, any determination made by the trial court in such cases will not be disturbed absent a showing of abuse of discretion.

The term "abuse of discretion" " 'implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' " *State, ex rel. Commercial Lovelace Motor Freight, Inc.,* v. *Lancaster* (1986), 22 Ohio St. 3d 191, 193, 22 OBR 275, 277, 489 N.E. 2d 288, 290, quoting *State, ex rel. Shafer,* v. *Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 590-591, 50 O.O. 465, 469, 113 N.E. 2d 14, 19. With these words in mind, we turn now to a consideration of whether the trial court's denial of the proposed transfer of appellant to a less restrictive environment constituted an abuse of discretion.

In support of its determination that appellant's current treatment setting remained the least restrictive alternative available consistent with public safety and appellant's welfare, the trial court cited evidence that the last two prior requests for transfer had both been withdrawn by TBMFU due to appellant's instability brought on by his use of illicit drugs, that the facility to which transfer was proposed, Western Reserve Psychiatric Habilitation Center, had been experiencing a serious drug abuse problem, and that Western Reserve permits patients to move throughout the facility freely and unescorted, and allows visitors inside the facility all day, every day. The trial court was obviously concerned that the proposed transfer would expose appellant to an atmosphere of easy access to drugs, which have repeatedly been demonstrated to have a deleterious effect on appellant's stability.

We do not consider this an unreasonable or improper concern. There is evidence in the record of appellant's chronic misuse of marijuana and of his resulting erratic behavior. Appellant's treating psychiatrist expressed the opinion that appellant would probably become violent if he continued his misuse of marijuana. Under these circumstances, the trial court's decision to deny the proposed transfer to a less restrictive facility cannot be characterized as an abuse of discretion.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., LOCHER and HOLMES, JJ., concur.

H. BROWN, J., concurs separately in the syllabus and judgment.

SWEENEY and WRIGHT, JJ., dissent.

HERBERT R. BROWN, J., concurring. I agree with the judgment and the syllabus. I write separately to take issue with the following dictum:

"We also agree that the clear and convincing evidence standard is mandated in the *initial* determination of which commitment alternative is the least restrictive, consistent with the public safety and the welfare of the person pursuant to R.C. 2945.40(D)(1)."

R.C. 2945.40(D)(1) does *not* mandate a clear and convincing evidence standard in the *initial* determination of which commitment is the least

restrictive. The clear and convincing standard does apply to the determination that the person is mentally ill. But in my opinion, the commitment to the least restrictive facility is, as to the initial commitment, as it is in the case of a transfer, a matter within the sound discretion of the trial court.

SWEENEY, J., dissenting. Since I am of the opinion that the "clear and convincing" standard must be satisfied in all subsequent recommitment hearings, I must dissent from the majority opinion in this case.

The hearing for transfer in the cause *sub judice* was conducted under R.C. 2945.40(F), which states in relevant part:

"* * * If the trial court or prosecutor does request a hearing within the fifteen-day period [after notice of the impending transfer], the trial court shall hold a *full hearing on the person's commitment* not more than thirty days after the hearing is requested * * *. At the conclusion of the hearing, the trial court may * * * transfer the person or continue commitment *pursuant to division (C) of this section.*" (Emphasis added.)

R.C. 2945.40(C) provides in pertinent part:

"If the court finds *by clear and convincing evidence* that the person is a mentally ill * * * person subject to hospitalization * * * by court order, it shall make a commitment authorized by divisions (C) to (E) of section 5122.15 * * * of the Revised Code * * *." (Emphasis added.)

R.C. 5122.15(E) states:

"In determining the place to which or the person with whom, the respondent is to be committed, the court shall * * * order the implementation of the least restrictive alter-native available and consistent with treatment goals and, in the case of a person found not guilty by reason of insanity, with public safety."

It should be pointed out that the "least restrictive alternative" requirement of R.C. 5122.15(E) is the same standard required by R.C. 2945.40(D) (1).

In reading the above provisions *in pari materia,* it becomes clear that the transfer hearing undertaken in this cause is merely a variety of commitment hearing to which the "clear and convincing" standard of proof applies.

In my view, R.C. 2945.40(C) and 5122.15(E) clearly imply that the "clear and convincing" evidence standard is required for the determination of the least restrictive confinement alternative. Moreover, this standard has been accepted by a number of this state's courts of appeals. See, *e.g., State* v. *Shepard* (1984), 13 Ohio App. 3d 389, 13 OBR 473, 469 N.E. 2d 1040; and *State* v. *Bruton* (1985), 27 Ohio App. 3d 362, 27 OBR 457, 501 N.E. 2d 651. As the court in *Shepard* concluded at 392, 13 OBR at 476, 469 N.E. 2d at 1043-1044, the "clear and convincing" evidence standard is more consonant with due process of law under the Fourteenth Amendment, and with the patient's right not to be deprived of his or her liberty through errors or ambiguity in the fact-finding process. See, also, *Jackson* v. *Indiana* (1972), 406 U.S. 715; *Addington* v. *Texas* (1979), 441 U.S. 418; and *In re Burton* (1984), 11 Ohio St. 3d 147, 11 OBR 465, 464 N.E. 2d 530.

Based on the foregoing, I would reverse the decision of the court of appeals and remand the cause for further proceedings.

WRIGHT, J., concurs in the foregoing dissenting opinion.