**The STATE of Ohio, Appellee,**

v.

**GREEN, Appellant.**

[Cite as *State v. Green* (1996) 116 Ohio App.3d 56.]

Court of Appeals of Ohio,
Seventh District, Carroll County.

No. 664.

Decided Sept. 18, 1996.

*John T. Smiley,* Carroll County Prosecuting Attorney, for appellee.

*Patricia A. Millhoff,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Diane M. Weaver,* Assistant Attorney General, Health and Human Services Section, for Timothy B. Moritz Forensic Unit.

---

GENE DONOFRIO, Judge.

Defendant-appellant, Ronald Green, timely appeals a decision of the Carroll County Court of Common Pleas denying appellant's request to be transferred to a less restrictive environment within the mental health community.

In November 1987, appellant was charged with the aggravated murder of his mother. In May 1988, he was found not guilty by reason of insanity and ordered to the maximum security Timothy B. Moritz Forensic Unit of the Central Ohio Psychiatric Center, where he remained until March 1992. At that time, he was transferred to the less restrictive environment facility of Fallsview Psychiatric Hospital. He remained there for about a year and half until December 1993, when he began to decompensate, *i.e.,* regress. Due to the regression, in June 1994, he was transferred back from Fallsview to the Timothy B. Moritz Forensic Unit, where he continues to be hospitalized.

On June 5, 1995, appellant requested a hearing pursuant to R.C. 2945.40 and 5122.15(H) on whether he should be transferred to the Western Reserve Psychiatric Hospital. As a result of the request, a report was prepared by the hospital, and the hearing was set for October 3, 1995.

At that hearing, Howard H. Sokolov, M.D., testified that appellant was no longer in need of maximum secured hospitalization and could be transferred to a civil mental hospital. In addition, a report prepared by Sokolov was admitted into evidence as Hospital Exhibit 1.

On October 30, 1995, the court filed an opinion and judgment entry. In this opinion, the court found that the least restrictive environment for the defendant consistent with his treatment needs and the public safety continued to be the maximum security Timothy B. Moritz Forensic Unit. This appeal follows.

Appellant's sole assignment of error is:

"The trial court abused its discretion in finding that the least restrictive environment for the appellant was the maximum security Timothy B. Moritz Forensic Unit, therefore violating appellant's constitutional rights."

R.C. 2945.40(D)(1) states:

"In deciding the nature of commitment pursuant to division (C) of this section, the court shall order the implementation of the least restrictive commitment alternative available *consistent with the public safety* and the welfare of the person. * * * " (Emphasis added.)

R.C. 5122.15(E) states:

"In determining the place to which, or the person with whom, the respondent is to be committed, the court shall consider the diagnosis, prognosis, preferences of the respondent, and projected treatment plan for the respondent and order the implementation of the least restrictive alternative available and consistent with treatment goals and, in the case of a person found not guilty by reason of insanity, with public safety. If the court determines that the least restrictive alternative available that is consistent with treatment goals is inpatient hospitalization, the court's order shall so state."

A leading case on this issue is that of the *State v. Johnson* (1987), 32 Ohio St.3d 109, 512 N.E.2d 652, where that court stated in its syllabus:

"Where the sole determination to be made is whether an insanity acquittee, already established as being a mentally ill person subject to hospitalization by court order, should be transferred to a less restrictive treatment setting, no party has the burden of proof. Rather, the parties have a duty to present relevant, competent evidence to aid the court in its determination of whether the proposed less restrictive commitment alternative is appropriate considering the treatment needs of the person and the safety of the public. The determination of whether the person should be transferred from his current commitment setting to a less restrictive placement is within the sound discretion of the trial court."

Thus, the issue in this case is whether the trial court abused its discretion by finding that the least restrictive commitment consistent with public safety and the welfare of the appellant is the maximum security Timothy B. Moritz Forensic Unit.

Appellant alleges that the trial court abused its discretion in that there was only one witness called to testify at the hearing on appellant's motion to be moved to a less restrictive environment and that witness, Dr. Sokolov, had specifically indicated that appellant no longer met the criteria for a maximum security hospital environment. Appellant feels that it is clear that appellant's continued commitment at the Timothy B. Moritz Forensic Unit is based upon the court's lack of understanding of mental illness and the fearsome possibility that someday appellant may again become violent. Appellant feels that he has demonstrated that his mental illness can be controlled with medication which he is willing to take, and that his insight has improved and he has not been violent for years. Hence, appellant argues that he does not meet the criteria to justify placement in a maximum security placement.

Appellee, the state of Ohio, responds by noting that the court feels that the specific question to be resolved is whether a less restrictive environment is appropriate considering the welfare of the person and the safety of the public.

The appellee notes that the judge had considered all of the relevant factors, including that of the safety of the public, and had determined that under certain circumstances, placing the appellant in a less restrictive environment could be a threat to the public welfare and, hence, his decision does not constitute an abuse of discretion.

Appellant's assignment of error is without merit. In *Johnson, supra*, 32 Ohio St.3d at 112, 512 N.E.2d at 655, fn. 3, that court stated:

"The welfare of the patient and the safety of the public are always relevant considerations in the disposition of a person found not guilty of a criminal offense by reason of insanity. Such considerations are statutorily mandated in the initial determination of the appropriate placement of an insanity acquittee and in any decision to grant conditional release, R.C. 2945.40(D)(1) and 5122.15(E), as well as in determining whether discharge is appropriate, R.C. 2945.40(D)(5). We are convinced that the factors of public safety and the patient's welfare are equally relevant to a determination of whether to transfer an insanity acquittee from one treatment facility to another, less restrictive one. Where fewer restrictions will be placed on the freedom of movement of such a person, it is only logical that the increased risk to the public and to the patient's personal welfare be taken into consideration."

The *Johnson* court places equal weight on the factors of public safety and the patient's welfare and also notes that in many cases the more restrictive environment may be for the patient's welfare as well as the public's.

Also, the *Johnson* court noted, 32 Ohio St.3d at 113, 512 N.E.2d at 656:

" * * * Given the considerations of public safety involved, we deem it appropriate to allow the trial court to exercise its sound discretion in making its determination, aided by the evidence presented by the parties. Hence, any determination made by the trial court in such cases will not be disturbed absent a showing of abuse of discretion.

"The term 'abuse of discretion' ' "implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." ' *State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster* (1986), 22 Ohio St.3d 191, 193, 22 OBR 275, 277, 489 N.E.2d 288, 290 * * *."

At the hearing giving rise to this appeal, the court heard testimony of Dr. Sokolov and admitted his written report dated July 18. In that report, he concluded that the appellant's "condition appears to have stabilized." As noted by the appellee, this same conclusion had been reached at least three times in the past by mental health professionals. Also, it must be noted that Dr. Sokolov is not the appellant's treating doctor but rather a consultant to the hospital. He had looked at the appellant's file and met with the appellant for only three one-

hour sessions in December 1994 and July 1995. The court as the trier of fact did not place great weight upon his recommendation to transfer the appellant.

The court noted that in the three past instances where it had been reported that appellant's condition appears to have stabilized, those optimistic conclusions were consistently followed by periods of the appellant's decompensation (regression). The court noted that after several prior requests to be transferred, a request was approved by the trial court on February 24, 1992 following a hearing and that thirteen months later, on March 8, 1993, two doctors submitted a report to the court indicating that since his transfer to the less restrictive setting at Fallsview, appellant had (1) lost his privileges for smoking, (2) left the grounds of the hospital without permission, (3) intimidated other patients, and (4) exhibited antisocial behavior.

Appellee notes that a report dated April 14, 1994 noted that appellant had decompensated. Appellant had exhibited threatening and bizarre behavior of various types at this time. Following these episodes, the trial court had ordered that the appellant be returned to the more restrictive setting of the Timothy B. Moritz Forensic Unit. A new evaluation was filed on January 8, 1995, where the evaluator noted that the appellant "demonstrates extensive act [sic] of paranoid delusional thought content, and that his 'condition would be best described as that of delusional disorder which represents a severe mental illness which affects his capacity to recognize reality in his judgment.'" It must be noted that only six months later, in July 1995, the new evaluation was filed and admitted as evidence at the October 3 hearing which resulted in this appeal. This evaluation ignored the factors identified in the January 8 evaluation even though it was a short time after the first evaluation.

Clearly the trial court looked at appellant's past behavior, the conflict between various reports of appellant's improper behavior in a less restrictive environment and his past attempt to be removed the more restrictive environment and considered all of these items before making his determination that appellant remain in the Timothy B. Moritz Forensic Unit. This does not constitute an abuse of discretion by the trial court.

Appellant's sole assignment of error is without merit.

The decision of the trial court is hereby affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and COX, J., concur.