[Cite as *State v. Ortello*, 2016-Ohio-1441.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 14 MA 0071 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DANIEL ORTELLO | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:   Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 2009 CR 278

JUDGMENT:   Affirmed.

APPEARANCES:

For Plaintiff-Appellee:   Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:   Atty. Rhys B. Cartwright-Jones
42 N. Phelps Street
Youngstown, Ohio  44503-1130

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  March 30, 2016

WAITE, J.

**{¶1}** Appellant Daniel Ortello appeals the judgment of the Mahoning County Court of Common Pleas finding that he continues to be a mentally ill person subject to court-ordered hospitalization. In October of 2009, Appellant was found not guilty of murder by reason of insanity. The trial court confirmed that Appellant remained mentally ill in 2010, 2011, 2012, and again in 2014. Appellant is appealing the latest ruling issued on May 27, 2014. Appellant contends that the trial court abused its discretion in making the finding that he continued to be a mentally ill person subject to commitment. Appellant argues that the state's expert witnesses, two psychiatrists, determined that he suffered from substance induced psychosis, but that he was no longer showing signs of psychosis and was no longer taking medication for psychosis. Actually, only one doctor came to this conclusion but even this doctor did not recommend that Appellant be unconditionally released. The other expert determined that Appellant had psychosis that was exacerbated by substance abuse; that Appellant presented a high risk to the community; that he remained mentally ill even though he was not taking medication; and that he should not be unconditionally released. The two experts came to slightly different medical conclusions but both recommended Appellant not be unconditionally released into the community. The record here supports the trial court's conclusion. The judgment of the trial court is affirmed.

<u>Background</u>

**{¶2}** On March 9, 2009, Appellant was indicted for murder, attempted murder, felonious assault and having a weapon under a disability. On May 14, 2009,

he was found incompetent to stand trial and was ordered to receive treatment at Northcoast Behavioral Health Care Systems in Cleveland, Ohio.

{¶3}   On August 13, 2009, he was found competent to stand trial.  The court then ordered Appellant to be evaluated by the Forensic Center of Northeast Ohio, Inc.

{¶4}   On October 7, 2009, the court conducted a hearing on Appellant's sanity.  Dr. Thomas G. Gazley of the Forensic Center of Northeast Ohio, Inc. testified.  Based on that testimony, the trial court determined that Appellant was not guilty by reason of insanity.  The court found that Appellant was a mentally ill person who was subject to court-ordered hospitalization pursuant to R.C. 2945.40 and that confinement to Heartland Behavioral Healthcare Center in Massillon, Ohio was the least restrictive alternative available to Appellant.  The court ordered that the treatment would continue for life unless terminated or changed by the court.

{¶5}   On March 31, 2010, the court again found that Appellant was mentally ill, but granted him Level III privileged movement at Heartland.

{¶6}   On February 28, 2011, the court granted Appellant Level IV privileges but otherwise continued the prior commitment orders.

{¶7}   On March 28, 2012, the court found, yet again, that Appellant was a mentally ill person subject to court-ordered hospitalization.

{¶8}   On September 23, 2013, Appellant filed a motion for review of his commitment.  He requested termination of his commitment under R.C. 2945.401.

{¶9} On March 27, 2014, the court held another hearing on the matter. Dr. Stephen Thompson, a psychiatrist at Heartland Behavioral Health Care, was questioned by the prosecutor and testified that Appellant was diagnosed with substance abuse psychotic disorder and that it was in remission. (3/27/14 Tr., p. 14.) Appellant had an extensive history of using multiple substances including cocaine, cannabis and pain pills. At the time of the offense, Appellant was using these substances on nearly a daily basis and had developed paranoid ideas that people wanted to harm him. He was also having auditory hallucinations. He had previously received medication for psychosis. After coming to Heartland, his medications had gradually been discontinued, and he showed no more signs of psychosis. (3/27/14 Tr., p. 15.)

{¶10} Dr. Thompson concluded that Appellant was no longer a mentally ill person. (3/27/14 Tr., p. 17.) The court then questioned the doctor as to whether the change in Appellant's status would represent a threat to public safety or a threat to the safety of any person. Dr. Thompson said that there was a potential threat, especially if Appellant were under the influence of drugs, and recommended Level V conditional release with continued treatment at Heartland.

{¶11} After this testimony, the state requested the hearing be continued so that it could obtain an independent second opinion as allowed by R.C. 2945.401(D)(1)(c). The court determined that Dr. Thompson's conclusion that Appellant was no longer mentally ill triggered the state's right to an independent opinion and a 30-day continuance. The court granted the continuance.

{¶12} The continued hearing was held on May 13, 2014. In that hearing, Dr. Brian C. Welsh, a psychiatrist, testified that it was his opinion that Appellant was suffering from psychosis, not otherwise specified, in remission as well as substance abuse in remission. He stated that this was a different diagnosis than that given by Dr. Thompson. Dr. Welsh believed that Appellant had a psychotic disorder that was likely exacerbated by substance abuse, rather than psychosis based solely on substance abuse. (5/13/14 Tr., p. 11.) He testified that Appellant had a risk of relapse of the disorder, regardless of whether he began abusing drugs again. He recommended a treatment plan to include a less restrictive setting from the hospital, such as a group home or other supervised setting. The court, based on Dr. Welsh's testimony, determined that Appellant was a mentally ill person subject to continued commitment and that he should remain in treatment. The court recommended Level V treatment of placement and supervision in a group home setting, and that Appellant engage in regular substance abuse treatment, random drug toxicology screening, case management services with a mental health agency, and regular supervision with the forensic monitor of Mahoning County. Judgment was entered on May 27, 2014, and this appeal followed.

## ASSIGNMENT OF ERROR

The trial court erred in declining to release Daniel Ortello from court ordered confinement as a mentally ill person subject to continued jurisdiction of the court under Revised Code Section 2945.401 and contrary to Daniel Ortello's rights against unlawful confinement as

contained in the Fourth and Fourteenth Amendments of the United States Constitution.

**{¶13}** Appellant contends that the state presented evidence that Appellant was no longer mentally ill, and at that point, the court should have terminated commitment and released him. Appellant believes that all the testimony at the most recent commitment hearing indicated that Appellant was no longer mentally ill. Appellant is mistaken and his assignment of error is overruled.

**{¶14}** R.C. 2945.40 and 2945.401 govern the commitment of individuals found not guilty by reason of insanity. Upon a verdict finding that a defendant is not guilty by reason of insanity, the trial court must hold a hearing to determine whether the defendant is a mentally ill person subject to court order. R.C. 2945.40(A). If the trial court makes such a finding, the court must commit the person either to the department of mental health and addiction services for treatment in a hospital, facility, or agency as determined clinically appropriate by the department of mental health and addiction services or to another medical or psychiatric facility, as appropriate. R.C. 2945.40(F).

**{¶15}** Pursuant to R.C. 2945.401, a person found not guilty by reason of insanity and committed pursuant to R.C. 2945.40 remains "subject to the jurisdiction of the trial court pursuant to that commitment * * * until the final termination of the commitment." R.C. 2945.401(A); R.C. 2945.401(J)(1)(a). The final termination of a commitment may occur if the court finds that the "defendant * * * no longer is a mentally ill person subject to court order * * *, as determined by the trial court[.]" R.C.

2945.401(J)(1)(a). Prior to 1996, there was no time limit for keeping a mentally ill defendant confined after a verdict of not guilty by reason of insanity, but that is no longer the case if the court makes the R.C. 2945.401(J)(1)(a) finding.

{¶16} In determining whether commitment should be terminated, the trial court is required to consider the factors found in R.C. 2945.401(E):

(E) In making a determination under this section regarding nonsecured status or termination of commitment, the trial court shall consider all relevant factors, including, but not limited to, all of the following:

(1) Whether, in the trial court's view, the defendant or person currently represents a substantial risk of physical harm to the defendant or person or others;

(2) Psychiatric and medical testimony as to the current mental and physical condition of the defendant or person;

(3) Whether the defendant or person has insight into the defendant's or person's condition so that the defendant or person will continue treatment as prescribed or seek professional assistance as needed;

(4) The grounds upon which the state relies for the proposed commitment;

(5) Any past history that is relevant to establish the defendant's or person's degree of conformity to the laws, rules, regulations, and values of society;

(6) If there is evidence that the defendant's or person's mental illness is in a state of remission, the medically suggested cause and degree of the remission and the probability that the defendant or person will continue treatment to maintain the remissive state of the defendant's or person's illness should the defendant's or person's commitment conditions be altered.

**{¶17}** A trial court's decision regarding a defendant's commitment pursuant to R.C. 2945.401 is reviewed on appeal for abuse of discretion. *State v. Jung*, 132 Ohio App.3d 369, 372, 724 N.E.2d 1262 (6th Dist.1999), citing *State v. Johnson*, 32 Ohio St.3d 109, 112-113, 512 N.E.2d 652 (1987). An abuse of discretion connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1983). Furthermore, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

**{¶18}** Appellant is correct that the state's first expert testified that Appellant was no longer mentally ill. According to statute, however, that pronouncement does not constitute the end of Appellant's commitment. R.C. 2945.401(D)(1) states:

Except as otherwise provided in division (D)(2) of this section, when a defendant or person has been committed under section 2945.39 or 2945.40 of the Revised Code, at any time after evaluating the risks to public safety and the welfare of the defendant or person, the designee of the department of mental health and addiction services or the managing officer of the institution or director of the facility or program to which the defendant or person is committed may recommend a termination of the defendant's or person's commitment or a change in the conditions of the defendant's or person's commitment.

Except as otherwise provided in division (D)(2) of this section, if the designee of the department of mental health and addiction services recommends on-grounds unsupervised movement, off-grounds supervised movement, or nonsecured status for the defendant or person or termination of the defendant's or person's commitment, the following provisions apply:

* * *

(c) *If the department's designee's recommendation is for nonsecured status or termination of commitment, the prosecutor may obtain an independent expert evaluation of the defendant's or person's mental condition, and the trial court may continue the hearing on the*

*recommendation for a period of not more than thirty days to permit time*

*for the evaluation.* (Emphasis added.)

**{¶19}** In this case, the court did not order final termination of commitment at the March 27, 2014 hearing because the prosecutor invoked the right to a 30-day continuance of the hearing and because the information presented by Dr. Gazley was insufficient for the court to apply the factors found in R.C. 2945.401(E). At the continued hearing on May 13, 2014, the state obtained a second opinion by Dr. Welsh. This second opinion differed from the opinion of Dr. Gazley. Dr. Welsh examined Appellant and reviewed his mental health records to determine if he was presently a mentally ill person. He concluded that Appellant was diagnosed with psychosis, not otherwise specified, that it was in remission, and that Appellant was drug dependent. He disagreed with Dr. Welsh by concluding that Appellant "has a psychotic disorder that was likely exacerbated by substance abuse, not as a sole reason for the substance abuse." (5/13/14 Tr., p. 11.) Dr. Welsh stated that "if he was to remain sober, I can't say with all certainty that he wouldn't have a relapse in mental health condition." (5/13/14 Tr., p. 12.) Dr. Welsh also examined the risk factors regarding Appellant's termination of commitment and return to life with the general public, and concluded that there was a "significant risk." (5/13/14 Tr., p. 17.) Dr. Welsh concluded that Appellant was mentally ill and subject to continued commitment. The trial court, in weighing the evidence, concluded that "the defendant is a mentally ill person subject to continued commitment and that taking into account

the public safety and the welfare of the defendant he should remain in treatment." (5/13/14 Tr., p. 32.)

**{¶20}** There is no abuse of discretion found in this record. The court followed the commitment statutes, allowed the state to present a second opinion, and relied on that second opinion to make its determination. The second doctor opined that Appellant continued to suffer from psychosis and was mentally ill subject to commitment. It was up to the trier of fact to weigh the evidence and make a judgment based on that evidence. In this case, there were two competing experts. The first determined that Appellant was no longer mentally ill, but did not recommend unconditional release, and gave incomplete information regarding the risk factors of terminating commitment. The second determined that Appellant was mentally ill, did not recommend unconditional release, and presented more thorough information regarding the risk factors. The trial court made its judgment based on these competing experts. It is not up to an appellate court to second guess the trial court's evaluation of the evidence presented at a commitment hearing. Appellant's assignment of error is overruled.

## Conclusion

**{¶21}** Appellant was charged with murder but was found not guilty by reason of insanity. He has been confined in treatment centers since 2009. Upon judicial review of his commitment in 2014, he was examined by two psychiatrists. One of them found Appellant to be mentally ill and subject to continued commitment. Although there was another expert who slightly disagreed with this conclusion, the

trial court relied primarily on the second expert opinion and continued Appellant's commitment. The record supports the trial court's decision, and the judgment of the trial court in this matter is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.