[Cite as *State v. Smith*, 2017-Ohio-1439.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    28102 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANIELLE NICHOL SMITH | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 2011 04 1079 |

DECISION AND JOURNAL ENTRY

Dated: April 19, 2017

TEODOSIO, Judge.

{¶1} Appellant, Danielle Nichol Smith, appeals from an order by the Summit County Court of Common Pleas continuing her on conditional release. This Court affirms.

I.

{¶2} Ms. Smith was indicted on charges of attempted murder, aggravated arson, and arson. She entered a plea of not guilty by reason of insanity and the trial court found her to be a mentally ill person subject to hospitalization. The court committed her to Northcoast Behavioral Healthcare System, but later modified the degree of commitment and committed her to Community Support Services. On December 16, 2015, the court found that Ms. Smith remained a mentally ill person subject to hospitalization, continued her on conditional release, and committed her to Community Support Services.

{¶3} Ms. Smith now appeals from the trial court's order continuing her on conditional release and raises one assignment of error for this Court's review.

II.

## ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN DETERMINING THAT MS. SMITH REMAINS A MENTALLY ILL PERSON SUBJECT TO HOSPITALIZATION FOLLOWING THE DECEMBER 16, 2015 HEARING.

{¶4} In her first assignment of error, Ms. Smith argues that the trial court erred in finding her to be a mentally ill person subject to hospitalization and continuing her on conditional release. We disagree.

{¶5} R.C. 2945.402 provides that hearings on continued commitment as described in R.C. 2945.401 apply to persons on conditional release. "A trial court's decision regarding a defendant's commitment pursuant to R.C. 2945.401 is reviewed on appeal for abuse of discretion." *State v. Ortello*, 7th Dist. Mahoning No. 14 MA 0071, 2016-Ohio-1441, ¶ 17, citing *State v. Jung*, 132 Ohio App.3d 369, 372 (6th Dist.1999). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶6} At the conditional release hearing, the trial court ultimately stated:

The Court finds that you remain a mentally ill person subject to hospitalization, but I will concur with the opinion of your treatment team, that the least restrictive treatment alternative available consistent with public safety and your welfare remains conditional release.

At no time during the hearing did Ms. Smith object to her continuation on conditional release or her commitment to Community Support Services. In fact, defense counsel stated, "I think that the folks that were supervising her think that she needs to continue this for a while. * * * And I think if the Court decides that she needs to continue that programming for a while, that's in her best interest."

{¶7}    Consequently, Ms. Smith did not merely forfeit the issue by failing to object at the hearing, but she affirmatively waived any objection by agreeing that a continuation was in her best interest.  *See State v. Fitzgerald*, 9th Dist. Summit No. 223072, 2007-Ohio-701, ¶ 11.

{¶8}    Ms. Smith's first assignment of error is overruled.

III.

{¶9}    Ms. Smith's sole assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.